UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| EMMET L. TIMMONS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:09CV00020 AGF |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on the motion filed by Plaintiff's counsel for approval of attorney's fees in the amount of $4,200, pursuant to the Social Security Act, 42 U.S.C. § 406(b). For the reasons set forth below, the motion shall be granted.

### BACKGROUND

The record indicates that Plaintiff's counsel's participation in this case began in 2004. On March 20, 2009, after rather lengthy administrative proceedings, the Appeals Council of the Social Security Administration ("SSA") upheld the decision of an Administrative Law Judge that Plaintiff was not disabled prior to July 5, 2007, but became disabled on that date. On April 14, 2009, Plaintiff entered into an agreement with counsel, whereby counsel would represent Plaintiff in an action seeking judicial review of the final agency decision in return for attorney's fees of 25% of any back-due benefits recovered.

Counsel filed such an action in this Court on Plaintiff's behalf and after counsel filed a brief in support of the complaint, the Commissioner filed a motion to remand the case to the SSA for further consideration, under sentence four of 42 U.S.C. § 405(g). Plaintiff stated that he had no objection, and the Court granted the motion on December 22, 2009. Plaintiff did not seek attorney's fees at the time, as he could have under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).

Upon remand by the Court, the Commissioner determined in May 2011 that Plaintiff was entitled to disability benefits as of August 1, 2003. As a result of this decision, Plaintiff was awarded past-due benefits in the amount of $56,799.95. The SSA withheld from the past-due benefits 25%, or $14,200, for potential attorney's fees. On June 14, 2011, the SSA authorized counsel to charge and collect a fee in the amount of $10,000, and noted that this amount would be paid directly to counsel from the withheld funds. Counsel now seeks an award of the balance of $4,200 under § 409(b) of the Social Security Act, for services provided to Plaintiff before this Court.

In support of his request, counsel provided documentation that he performed 11.5 hours of work and that three assistants performed a total of 13.25 hours of work on this case before the Court. The Commissioner asks the Court to approve a reduced amount, taking into account the facts that a significant portion of the work on this case before the Court was performed by assistants, and that Plaintiff's counsel did not seek fees under EAJA, which would have resulted in Plaintiff having to pay less to counsel from the past-due benefits.

## DISCUSSION

Attorneys representing successful Social Security claimants may seek fees under two different statutes, the Social Security Act, 42 U.S.C. § 406(b), and EAJA, 28 U.S.C. § 2412(d)(1)(A). Under § 406(b) of the Social Security Act, "the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits to which the claimant is entitled by reason of such judgment." Fees awarded pursuant to § 406(b) are paid out of the claimant's past-due benefits. Under EAJA, a Social Security claimant may be awarded fees payable by the United States if the Government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). EAJA fees are paid with agency funds and are determined not by a percent of the amount recovered, but by lodestar method, based at the reasonable time expended and the attorney's reasonable hourly rate.

Fee awards may be made under both § 406(b) and EAJA, but the claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id*. at 796-97.

In *Gisbrecht*, the Supreme Court held that the "reasonable fee" standard of § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.

Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 808. The court is not to use the lodestar method when determining reasonableness; the court may consider the hours spent and the normal billing charge for non-contingent fee cases as a factor, but must look at all the circumstances to determine what is reasonable. *Id.* at 801-02.

The fee resulting from a contingency fee agreement can be reduced by the court if the attorney provided substandard representation, or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the "benefits are large in comparison to the amount of time counsel spent on the case." *Id.* at 808. The determination of reasonableness is left to the court's discretion. *Id.*; *see also Barton v. Astrue*, No. 4:07CV00067 FRB, 2010 WL 2346353, at *2 (E.D. Mo. June 9, 2010).

Here, upon review of the record, the Court finds that the fees request of $4,200 for work done on the case before the Court is reasonable, and that, given the unique facts of this case, no reduction in this amount is warranted. *See, e.g.*, *Barton*, 2010 WL 2346353, at *4 (awarding counsel $9,455.50 in fees under § 406(b), where this resulted in the attorney receiving fees of 25% of past-due benefits as provided for in the parties' contingency fee agreement, and counsel spent 18.75 hours on the case before the court).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion to approve attorney's fees in the amount of $4,200 is **GRANTED**. [Doc. #26]

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of August, 2011